## CIRCUIT COURT OF LOUDOUN COUNTY

Fuad S. Abujaber

v.

Samir F. Kawar et al.

November 21, 1989

Case No. (Chancery) 11514

By JUDGE JAMES H. CHAMBLIN

Pursuant to the request of counsel for the complainant. N. MacKenzie Downs was served with a Rule 4:9(c) subpoena duces tecum requiring the production to Mr. Abujaber's counsel of certain documents. Mr. Downs is an expert real estate appraiser retained by the defendant, Samir F. Kawar, who has filed a Motion to Quash the subpoena duces tecum. Also, the complainant has filed a motion under Rule 4:1(b)(4)(A)(ii) to allow him to conduct further discovery of the experts of Mr. Kawar by use of subpoena duces tecum pursuant to Rule 4:9(c).

For the reasons hereinafter set forth, the Motion to Quash is granted and the Complainant's motion to conduct further discovery of Mr. Kawar's experts under Rule 4:1(b)(4)(A)(ii) is denied at this time.

Expert opinions are admissible in evidence. Hence, expert opinions are discoverable. However, the testimony of an expert is, in my opinion, sufficiently different from the testimony of a lay witness so that the special rule of Rule 4:1(b)(4) is needed. Experts are similar to lawyers because they come into the litigation at the request of one side or the other. They are expensive, and their time is valuable. I feel that the Virginia Supreme Court recognized this unique status of expert opinion when it adopted Rule 4:1(b)(4).

I am of the opinion that Rule 4:1(b)(4) provides, first, that a party can always through interrogatories discover each person the other side expects to call as an expert witness, the subject matter of his testimony, the substance of the facts and opinions to which the expert is expected to testify, and the summary of the grounds for each opinion. Rule 4:1(b)(4)(A)(i). This allows a party to prepare to meet and refute the adverse party's expert testimony which is usually technical and arcane. But at the same time a party should not be able without good cause shown to discover and use the expensive research of the party who hired the expert or to discover all the documents utilized or created by the expert except to the extent needed to comply with Rule 4:1(b)(4)(A)(i).

Secondly, I am of the opinion that under Rule 4:1(b)(4)(A)(ii), the Court may in its discretion upon motion of a party allow that party to discover expert opinion by other means subject to such restrictions as to scope of the discovery and provisions for costs and expenses as the Court deems appropriate. The burden is on the party asking for further discovery to demonstrate to the Court that the discovery obtained by interrogatories under Rule 4:1(b)(4)(A)(i) is not sufficient. The complainant has only advanced the complexity of the case as the reason for requesting further discovery. Mr. Downs is an expert real estate appraiser. He is not an expert in a little understood, highly technical area. The Court was not advised as to the identity of Mr. Kawar's other experts. The Complainant must show more in order for this Court to consider further discovery under Rule 4:1(b)(4)(A)(ii).