## CIRCUIT COURT OF THE CITY OF WINCHESTER

Hope Lenee Moyers
and Kathy Sue Moyers

v.

Elizabeth Steinmetz

February 17, 1995

Case No. (Law) 94-100

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on the plaintiff's Motion to Compel production of defense counsel's correspondence to its expert witnesses. Upon consideration of the argument of the parties and their Memoranda of Authorities, the Court has made the following decision to deny the motion in part and grant it in part and to order that only those portions of counsel's correspondence which contain statements of fact, as opposed to mental impressions, conclusions, or opinions of counsel, is to be disclosed.

### I. *Statement of Material Facts*

The following facts are established in the pleadings in this case.

This is a medical malpractice action in which damages are sought on behalf of the infant plaintiff for "permanent mental and physical injuries, including cerebral palsy," and by the mother to recover for the "payment of medical expenses incurred to cure the infant . . . ."

Both parties have retained experts, and the plaintiff has filed a Motion to Compel the defense to produce correspondence from defense counsel to the defense's expert witness whom the defense plans to call to testify at the trial of this case.

### II. *Conclusions of Law*

Rule 4:1(b) provides that "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in

the pending action, whether it relates to the claim or defense of the parties, or as a claim or defense of the other party . . . ." This is almost the same as Federal Rule of Civil Procedure 26(b). Virginia has adopted the Federal Rules of Discovery "verbatim so far as consistent with Virginia practice . . . to enable Virginia lawyers and circuit court judges to use federal precedents to guide Virginia practice in the field of discovery." W. H. Bryson, *Handbook on Virginia Civil Procedure* (2d ed. 1987), p. 319. *See, e.g., Smith v. Nat'l R. Passenger Corp.*, 22 Va. Cir. 348, 350 (Richmond 1991).

Supreme Court Rule 4:1(b)(3) provides that trial preparation materials may be obtained "only upon a showing that the party has a substantial need of the materials to prepare his case and is unable without due hardship to obtain the substantial equivalent of materials by other means. In ordering discovery of such materials when the required showing has been made, the Court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation."

There is no appellate decision in Virginia on whether counsel's communications with an expert retained to testify at trial is protected work product, and the courts which have considered this question have reached varying results. The plaintiff relies upon *Intermedics, Inc. v. Bentrix, Inc.*, 139 F.R.D. 384 (N.D. Cal. 1991), which held that communications written and oral from counsel to an expert retained to testify at trial are discoverable. The defendants rely upon *Abujaber v. Kawar*, 17 Va. Cir. 398 (Loudoun County 1989), in which production of certain documents between counsel and his expert real estate appraiser were denied, and *Rail Intermodal Specialists v. General Elec.*, 154 F.R.D. 218 (N.D. Iowa 1994), in which the Court held that discovery of counsel's letters to experts were barred by the work product doctrine. There is a sea of authority on this question from which one may pluck a fish to suit one's taste. *See* Annotation, *Protection from Discovery of Attorney's Opinion Work Product under Rule 26(b)(3), Federal Rules of Civil Procedure*, 84 A.L.R. Fed. 779, § 14 (1987), and Annotation, *Developments, since Hickman v. Taylor, of Attorney's "Work Product" Doctrine*, 35 A.L.R. 3d 412 (1971). *See generally* 23 Am. Jur. 2d, *Depositions and Discovery*, § 50.

This court finds most palatable the analysis of the United States Court of Appeals for the Third Circuit in *Bogosian v. Gulf Oil Corp.*, 738 F.2d 587 (3d Cir. 1984), in which that court ruled that the federal rules permitting discovery of opinions of expert witnesses and the facts upon which

those opinions were based did not limit the rule restricting disclosure of attorney work product containing mental impressions and legal theories, where memoranda, containing the protected work product, were shown to the expert witness who was scheduled to testify. The Third Circuit reasoned as follows:

> The genesis of the doctrine of attorney work product is the Supreme Court's decision in *Hickman v. Taylor*, 329 U.S. 495, 512, 67 S. Ct., 385, 394, 91 L. Ed. 451 (1947), where the Court recognized "the general policy against invading the privacy of an attorney's course of preparation". . . .
>
> The work product of the lawyer covers the "written materials obtained or prepared by an adversary's counsel with an eye toward litigation." *Id.* at 511, 67 S. Ct. at 394. It includes "interviews, statements, memoranda, correspondence, briefs, mental impressions, [and] personal beliefs . . . ." *Id.* . . .
>
> In this case, there is no contention by petitioners before us that defendants have failed to make the showing of need that would ordinarily satisfy Rule 26(b)(3). Instead, petitioners contend that the material that they resist disclosing falls within a special category of attorney's work product that is entitled to particular protection because it reflects the attorney's mental impressions. The distinction was recognized in *Hickman* where the Court said, "But as to oral statements made by witnesses to [the lawyer], whether presently in the form of mental impressions or memoranda, we do not believe that any showing of necessity can be made under the circumstances of this case so as to justify production." *Id.* at 512, 67 S. Ct. at 394. Protection against disclosure of such material is explicitly required under Rule 26(b)(3): "In ordering discovery of such materials when the required showing has been made, the court shall *protect against disclosure of the mental impressions, conclusion, opinions, or legal theories of an attorney* or other representative of a party concerning the litigation." (Emphasis added.)
>
> The particular protection to be accorded such work product, denominated "opinion work product," was reiterated in *Upjohn Co. v. United States*, 449 U.S. 383, 101 S. Ct. 677, 66 L. Ed. 2d 584 (1981). Justice Rehnquist, writing for a unanimous Court, stressed the "special protection to work product revealing the attorney's mental processes." *Id.* at 400, 101 S. Ct. at 688 . . . .

The district court concluded that showing the material to the witnesses did not waive the protection for attorney work product, a view we accept as supported by persuasive authority. *See United States v. American Telephone and Telegraph Co.*, 642 F.2d 1285, 1299 (D.C. Cir. 1980); 3 J. Weinstein & M. Berger, Weinstein's Evidence, para. 612[04], at 612-41 to 612-42 (1982) . . . .

A parsing of Rule 26(b)(3), which appears in the margin, makes clear that the proviso does not expand discovery of work product in the manner the district court believed. The first paragraph of Rule 26(b)(3) consists of two sentences. As we discussed in section III of this opinion, the first sentence requires a showing of "substantial need" before work product must be produced. The second sentence requires protection against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party. The proviso introduces the first sentence of Rule 26(b)(3) ("Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents . . . prepared in anticipation of litigation or for trial . . .") and signifies that trial preparation material prepared by an expert is also subject to discovery, but only under the special requirements pertaining to expert discovery set forth in Rule 26(b)(4). The proviso does not limit the second sentence of Rule 26(b)(3) restricting disclosure of work product containing "mental impressions" and "legal theories." Thus, it does not support the district court's conclusion that Rule 26(b)(3), protecting this category of attorney's work product, "must give way" to Rule 26(b)(4), authorizing discovery relating to expert witnesses . . . .

The thrust of Rule 26(b)(4) is to permit discovery of facts known or opinions held by the expert. Examination and cross-examination of the expert can be comprehensive and effective on the relevant issue of the basis for an expert's opinion without an inquiry into the lawyer's role in assisting with the formulation of the theory. Even if examination into the lawyer's role is permissible, an issue not before us, the marginal value in the revelation on cross-examination that the expert's view may have originated with an attorney's opinion or theory does not warrant

overriding the strong policy against disclosure of documents consisting of core attorney's work product . . . .

Of course, where the same document contains both facts and legal theories of the attorney, the adversary party is entitled to discovery of the facts. It would represent a retreat from the philosophy underlying the Federal Rules of Civil Procedure if a party could shield facts from disclosure by the expedient of combining them or interlacing them with core work product. Where such combinations exist, it will be necessary to redact the document so that full disclosure is made of facts presented to the expert and considered in formulating his or her opinion, while protection is accorded the legal theories and the attorney-expert dialectic. The advisory Committee Notes also recognize this need. They state, "In enforcing [the Rule 26(b)(3) protection of lawyers' mental impressions and legal theories], the courts will sometimes find it necessary to order disclosure of a document but with portions deleted." *Id.* at 592-595.

Virginia Code § 8.01-401.1 expressly provides that an expert testifying at trial may "be required to disclose the underlying facts or data on cross-examination" upon which his opinion is premised. Therefore, to the extent that any communication from counsel to its expert contains a statement of facts, then that material is discoverable, because the expert may be cross-examined on that subject at trial. If the letter from defense counsel to its expert in this case contained any statement of facts, then the letter must be edited and provided to counsel, with any portions of the letter that contain "mental impressions, conclusions, opinions, or legal theories" of the attorney edited out. If a controversy develops about whether the letter has been properly edited, counsel for the defense shall send a copy of the original letter under seal to the Court to be compared to the edited copy provided to plaintiff's counsel.

### III. *Decision*

For the foregoing reasons, it is adjudged and ordered that the plaintiff's motion to compel is granted in part and denied in part, and, within five days of receipt of a copy of this order, the defense shall provide to the plaintiff a copy of the letter from defense counsel to its expert to the extent that that letter contains any statements of fact or data about the case, but the letter shall be edited to remove any statements of mental impressions, conclusions, opinions, or legal theories expressed by defense counsel in

30

the letter, and plaintiff may not question the expert about those matters in discovery or at trial, because that is protected work product.