Agnes Holmes, Appellant, v Samuel Weissman, Respondent. [674 NYS2d 215] —Judgment unanimously affirmed without costs. Memorandum: Plaintiff commenced this medical malpractice action seeking damages for the failure of defendant, an obstetrician, to diagnose and treat a cancerous tumor in her right breast. The complaint alleges that, as a result of defendant's failure to diagnose and treat the tumor from her first prenatal visit through her postpartum visit, she was required to undergo a modified radical mastectomy to remove the tumor. Plaintiff appeals from a judgment entered upon a jury verdict of no cause for action.

By failing to raise any issue during the trial concerning the discharge of a prospective minority juror during jury selection, plaintiff failed to preserve that issue for our review. Supreme Court did not abuse its discretion in discharging a juror during plaintiff's direct case because of a demonstrated financial hardship (see, CPLR 4106). The juror provided the sole financial support for his family and could not suffer the loss of salary for the anticipated duration of the trial. Under the circumstances, serving on the jury would have been more than an inconvenience (see, People v Edmonds, 223 AD2d 455, lv denied 88 NY2d 984).

Plaintiff concedes that the court properly directed her to provide defendant with a copy of the report of her medical expert for the purpose of conducting cross-examination but contends that the court erred in directing her to provide a copy for defendant's general use. We disagree. Defendant used the report only for cross-examination. The court erred, however, in directing plaintiff to provide defendant with a letter written by her attorney to the medical expert. Disclosure of that letter was protected by the work product privilege (see, People v Ed-

*ney*, 39 NY2d 620, 625; *Cushing v Seemann*, 238 AD2d 950). However, defendant never used the letter for any purpose, and thus the error was harmless.

The court did not abuse its discretion in refusing to allow a defense witness, on cross-examination, to read into the record a portion of a hospital record. The scope and extent of cross-examination are within the broad discretion of the trial court (*see, Feldsberg v Nitschke*, 49 NY2d 636, 643, *rearg denied* 50 NY2d 1059; *Matter of Heather J.*, 244 AD2d 762, 763-764). The court permitted some questioning of the witness regarding matters in the record of a hospital where she was not employed but properly curtailed that questioning when it became clear that it was beyond the scope of direct examination.

The court properly granted the motion of defendant to dismiss that part of the complaint alleging that his negligence on September 5, 1990, the date of the postpartum visit, caused the need for the subsequent mastectomy. Plaintiff's medical expert was unable to express an opinion whether a lumpectomy on that date would have obviated the need for a modified radical mastectomy. Further, on cross-examination, the expert testified that, if on that date the lump was as large as plaintiff alleged, the accepted medical practice would have been to perform a modified radical mastectomy. Thus, plaintiff failed to establish that, had a physical examination been performed on September 5, 1990, the need for a modified radical mastectomy would have been obviated.

Finally, we conclude that the court properly declined to set aside the verdict as contrary to the weight of the evidence. "A motion to set aside a verdict should not be granted 'unless the preponderance of the evidence in favor of the moving party is so great that the verdict could not have been reached upon any fair interpretation of the evidence'" (*Kash v Kroeger*, 222 AD2d 1101, 1102, quoting *Dannick v County of Onondaga*, 191 AD2d 963, 964). Conflicting testimony was presented whether defendant conducted a breast examination during plaintiff's initial prenatal visit, whether plaintiff complained of a lump in her breast during any subsequent visit to defendant's office or at the hospital where the infant was delivered and whether a breast examination was conducted at that hospital. The experts agreed that, if a breast examination was performed during the initial visit and no lump was found, and the patient did not complain of the existence of a lump in the breast during subsequent visits, the failure to conduct a breast examination during subsequent prenatal visits would not have been a deviation from accepted medical practice. We perceive no basis in

the record to disturb the jury's resolution of credibility issues in defendant's favor. (Appeal from Judgment of Supreme Court, Erie County, Mintz, J.—Negligence.) Present—Green, J. P., Lawton, Pigott, Jr., Callahan and Balio, JJ.