**Angela M. LAMONDS, Plaintiff,**

v.

**GENERAL MOTORS CORP., Defendant.**

No. CIV. A. 96–0067–C.

United States District Court,
W.D. Virginia,
Charlottesville Division.

July 2, 1998.

Francis McQuaid Lawrence, St John, Bowling & Lawrence, Charlottesville, VA, Henry Duncan Garnett, Jr., Louisa, VA, for plaintiff.

Bruce M. Steen, J. Brian Jackson, McGuire, Woods, Battle & Boothe, Charlottesville, VA, for defendant.

## ORDER

MICHAEL, Senior District Judge.

After a careful review of the record in this case and for the reasons stated in the accompanying Memorandum Opinion, it is this day

### ADJUDGED AND ORDERED

as follows:

1. Defendant's June 10, 1998 objections to the Order of the United States Magistrate Judge denying defendant's motion to compel are GRANTED;

2. That the defendant's May 8, 1998 motion to compel the production of documents shall be, and hereby is, GRANTED;

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

## MEMORANDUM OPINION

### BACKGROUND

Plaintiff brought this products liability action against General Motors Corporation ("GMC") alleging that a design defect in one of defendant's automobiles caused her to be severely injured in an accident. Further factual background has been discussed by this court in its denial of defendant's motion for summary judgment.

The matter currently before the court is the resolution of a discovery dispute that has arisen between the parties. The dispute centers around defendant's motion to compel two documents that were created by a member of the plaintiff's legal team and provided to experts retained by the plaintiff. Plaintiff refuses to produce the documents on the ground that they are privileged under the work product doctrine. Pursuant to this court's June 26, 1992 order, Magistrate

Judge B. Waugh Crigler reviewed the documents in question and determined that the defendant already possessed the requested information in other forms and could not, therefore, establish the impossibility of obtaining the substantial equivalent of the materials by other means. The Magistrate Judge issued an order denying the defendant's motion and defendant filed a timely objection with this court. Federal statute and the Federal Rules of Civil Procedure mandate that when a magistrate rules on a non-dispositive pre-trial motion, the scope of review is the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); F.R.Civ.P. 72(a). For reasons stated below, this court finds that the magistrate's order is contrary to law and that after an independent *in camera* review of the documents, the plaintiff must provide GMC with the requested documents.

## DISCUSSION

General Motors seeks production of the requested documents under Rule 26, subsections (a)(2) and (b)(4), of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 26(a)(2), (b)(4). Rule 26 requires that an expert disclose all material "considered by the [expert] witness in forming the opinion." *Id.* The plaintiff maintains that the documents are protected by the work product privilege.

The United States Supreme Court first established the work product privilege in *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). The Court's primary concern in *Hickman* was the privilege's role in protecting the adversary system. The adversary system, argued the Court, requires that lawyers work with a degree of privacy. The Court sought to protect against unfairness and inefficiency that it believed would result without such privacy. *Id.* Federal Rule of Civil Procedure 26(b)(3) codifies the work product doctrine created in *Hickman.* Fed.R.Civ.P. 26(b)(3).

■ The work product doctrine, as distinguished from the absolute attorney-client privilege, is a qualified protection. Rule 26(b)(3), while protecting work product, recognizes the qualified nature of the doctrine and provides that in certain circumstances such material may be discoverable by an opposing party. In most situations where an opposing party seeks information protected by Rule 26(b)(3), that opposing party may only obtain the information upon: (1) a showing of substantial need and (2) and a showing that he cannot obtain the substantial equivalent without undue hardship. *Id.* Rule 26(b)(3) also mandates that courts protect against the disclosure of an attorney's mental impressions, conclusions, opinions or legal theories. *Id.* This protection acknowledges the difference between what is frequently referred to as opinion work product and non-opinion or fact work product. Case law construing Rule 26(b)(3) in the Fourth Circuit has created one of the most protected positions of any circuit with respect to the discoverability of work product. *Duplan Corp. v. Moulinage et Retorderie de Chavanoz*, 509 F.2d 730 (4th Cir.1974). In *Better Government Bureau Inc. v. McGraw*, the Fourth Circuit explicitly held that fact work product is discoverable only "upon a showing of both substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship" while opinion work product enjoys "a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances." 106 F.3d 582, 607 (4th Cir.1997).

Though Rule 26(b)(3) states that courts must protect opinion work product from discovery, its text also subjects the rule to the provisions of Rule 26(b)(4). Fed.R.Civ.P. 26(b)(3), (b)(4). Rules 26(b)(4) and 26(a)(2)(B), read together, allow an opposing party to discover the basis of a testifying expert's opinion and require that the expert issue a report disclosing all "information considered by the witness in forming his opinion." The rules, therefore, create a tension between protection of work product and discovery of information considered by an expert. This tension is perhaps most evident in this case where the issue is the discoverability of work product communicated to a retained expert. The issue presented here has not been specifically addressed by any Fourth Circuit opinion.

■ Prior to December 1, 1993, when Congress enacted new Federal Rules of Civil

Procedure, courts resolved this conflict using a number of different approaches. As commentators have observed, these approaches generally fell within two categories: (1) those that permitted discovery of work product upon a showing of substantial need (protection oriented approach), and (2) those that allowed wide discovery of work product materials a lawyer had given to an expert (discovery oriented approach). Michael E. Plunkett, *Discoverability of Attorney Work Product Reviewed by Expert Witnesses: Have the 1993 Revisions to the Federal Rules of Civil Procedure Changed Anything?*, 69 Temp.L.Rev. 451 (1996). Though the Fourth Circuit has not had occasion to construe Rule 26(b)(3) and (b)(4) together, there can be little doubt that this circuit has generally adhered to a protection oriented approach. *See, e.g., Duplan Corp.,* 509 F.2d 730; *National Union Fire Ins. Co. v. Murray Sheet Metal Co.,* 967 F.2d 980 (4th Cir. 1992). This circuit's protection oriented approach remains valid under the amended rules in most situations where a party seeks to discover an opposing party's work product. Where, however, an attorney provides work product material to one of her retained experts to be considered in the formulation of that expert's opinion, the current rules and Advisory Committee's Notes strongly suggest that that information is discoverable.

A number of courts and commentators who have considered the effect of the 1993 amendments and advisory note [1] to Rule 26(a)(2)(B) have concluded that where a lawyer gives work product to an expert who considers it in forming opinions which he or she will be testifying to at trial, this information is no longer privileged and must be disclosed. *See, e.g.,* 8 Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure § 2016.2, at 250 (1994) ("At least with respect to experts who testify at trial, the disclosure requirement of Rule 26(a)(2), adopted in 1993, was intended to predetermine further discussion and mandate disclosure despite [the work product] privilege."); *B.C.F. Oil Ref., Inc. v. Consolidated Edison,* 171 F.R.D. 57, 66 (S.D.N.Y. 1997); *Karn v. Rand,* 168 F.R.D. 633 (N.D.Ind.1996). The Advisory Note does not distinguish between fact and opinion work product where that work product has been shared with an expert witness who considers the work product in formulating his opinions.

A construction of Rule 26 establishing a bright line rule that permits an opposing party to discover work product materials where an attorney provides work product to a retained expert who will consider that information in the development of her opinions is not only consistent with the 1993 amendment and Advisory Note, but is also consistent with the important policies underlying the work product doctrine and the Federal Rules of Civil Procedure. Experts occupy a central role in modern civil litigation. They are, in a sense, privileged by the Federal Rules of Evidence to offer opinions on subjects about which the trier of fact usually has no knowledge. Fed.R.Evid. 702. Other provisions of the Federal Rules of Evidence also distinguish the expert witness from a lay witness with the ultimate hope of assisting the trier of fact in his decision. Fed.R.Evid. 703, 704, 705. The reliability of experts is essential to the adversary system. With the increasing demand for expert testimony by litigants, an astounding number of "expert

1. The Advisory Committee Notes to the 1993 Amendment explain the amendment to mean that:

This paragraph [subsection (a)(2) of Rule 26] imposes an additional duty to disclose information regarding expert testimony sufficiently in advance of trial so that opposing parties have a reasonable opportunity to prepare effective cross-examination and perhaps arrange for expert testimony from other witnesses...
The information disclosed under the former rule in answering interrogatories about the "substance" of expert testimony was frequently so sketchy and vague that it rarely dispensed with the need to depose the expert and often

was even of little help in preparing for the deposition of the witness...
The [expert] report is to disclose the data and other information considered by the expert and any exhibits or charts that summarize or support the expert's opinions. **Given this obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions—whether or not ultimately relied upon by the expert—are privileged or otherwise protected from disclosure when such persons are testifying or being deposed.**
Advisory Committee Notes, Fed.R.Civ.P. 26(a)(2) (emphasis supplied).

consultants" has arrived on the scene. Many of these "experts" are of dubious assistance to the trier of fact. though they qualify as experts under the standard established by the Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals* and the Federal Rules of Evidence. 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); Fed.R.Evid. 702. Because experts are often less then helpful and sometimes misleading, effective cross examination by an opposing party is an essential tool for exposing any weaknesses in the expert's opinions. One such potential weakness is the source of information the expert has considered in forming his opinions. It can be important for the trier of fact to know whether the expert arrived at his opinion after an independent review of all relevant facts or whether he relied on "facts" chosen and presented by an attorney advocating a particular position. This information can only surface on cross examination where an opposing party has been able to discover the material provided to the expert by the lawyer who retained him. *See, Karn v. Rand,* 168 F.R.D. 633, 639 (N.D.Ind.1996).

It is important to note that it is the lawyer who retained the expert who makes the decision to provide that expert with material that would, under different circumstances, be protected by the work product doctrine. This means that the work product can remain protected so long as it is not given to the expert to consider in the development of his opinions. An attorney wishing to maintain the protection afforded by the work product doctrine can choose to provide the expert with all relevant facts instead of directing the expert's attention to certain facts and instead of including opinions and conclusions drawn by the attorney. This approach permits an attorney to know whether information provided to an expert will later become discoverable and in no way interferes with a lawyer's development of his case in private consultation with his client. *See, National Union Fire Ins. Co. v. Murray Sheet Metal Co.,* 967 F.2d 980 (4th Cir.1992).

Turning to the documents at issue in the present dispute, this court must first determine whether either of the plaintiff's experts (George Greene and Byron Bloch) considered the documents in the development of their opinions. The plaintiff argues that neither expert "relied" on the documents. Asking a court to determine whether an expert actually relied on work product documents involves exploration of the expert's mental processes and risks creation of an unwieldy rule that would not provide certainty as to the protected status of work product materials. By their own admissions, both Greene and Bloch received and read the two memoranda at issue before forming their expert opinions. There is no evidence that the experts received, but did not read, reflect on, or think about the memoranda. The court finds that both experts considered the documents in forming their opinions.

Mindful that the legal issues raised by this dispute have not been squarely addressed by courts in this circuit, the court requested and reviewed Memorandum I and Memorandum II *in camera.* After a careful review of the documents, it appears that they contain what might best be described as an insignificant amount of opinion work product. Application of the analysis adopted to resolve this matter will not result in the defendant's discovery of a windfall of sensitive work product information.

Based on the foregoing, the court holds that both Memorandum I and Memorandum II must be produced in unredacted form pursuant to Federal Rule of Civil Procedure 26(a)(2) and (b)(4).

An appropriate order this day shall issue.