# CIRCUIT COURT OF THE CITY OF PORTSMOUTH

Wilson, etc.

v.

Davis Rogers et al.

September 18, 2000

Case No. (Law) CL98-1676

BY JUDGE DEAN W. SWORD, JR.

This matter comes before the Court on a motion by the defendants, Davis and Linda Rogers, to quash in part a subpoena duces tecum seeking certain records in the possession of Dennis Kade, Ph. D. Dr. Kade has been employed as an expert witness by the defendants.

The defendants agree that much of the information sought by the subpoena is subject to discovery; however, certain letters between counsel for the defendants and Dr. Kade are claimed to be exempt as part of counsel's work product.

(Procedurally we are dealing with a motion to quash a subpoena, yet both counsel argue the case in a posture that invokes the application of Part 4 of the Rules of the Supreme Court of Virginia. Seeing no significant legal distinction that should be invoked, we shall treat this matter as a discovery dispute and resolve the issue by applying Part 4 of the Rules along with any applicable case law.)

Prior to rendering a decision, the court requested that counsel for the defendants provide copies of the objectionable material for an *in camera* review. We have prepared an attachment to this opinion indexing the material reviewed by the court.

The gist of the argument against production is that Rule 4:1(b)(3) allows discovery of material "prepared in anticipation of litigation . . . by or for that other party's representative (including his attorney, consultant . . .) only upon a showing that the party seeking discovery has substantial need of the material in the preparation of his case and is unable . . . to obtain . . . the materials by other means. In ordering discovery . . . the court shall protect against disclosure of mental impressions, opinion, or legal theories of an attorney or other representative of a party concerning the litigation."

Counsel for the plaintiff argues that the subject material (letters between Dr. Kade and Mr. Braley, counsel for the defendants) is subject to discovery and, in support of his argument, cites the court to *Lamonds v. General Motors Corp.*, 180 F.R.D. 302 (W.D. Va. 1998) (It should be observed that the *Lamonds* court was construing Rule 26(b)(3). Fed. R. Civ. P. Rule 26(b)(3) appears to have been adopted word for word by Rule 4:1(b)(3) as well as of other parts of the respective rule.).

In *Lamonds*, the defense sought discovery of what was described as "two documents . . . created by a member of plaintiff's legal team and provided to experts retained by the plaintiff." Objection was made based upon privilege under the work product doctrine. In compelling production of the material, the court opined "that where a lawyer gives work product to an expert who considers it in forming opinions which he or she will be testifying to at trial, this information is no longer privileged and must be disclosed." At page 305, citing as authority committee comments upon amendment of the rule.

At the outset it should be observed that opinions of the U.S. District Court construing the Federal Rules of Civil Procedure are in no way binding upon this court. However, where the Virginia rules and the federal rules are the same or essentially the same, such decisions can be helpful and should not be discarded out of hand. On the other hand, where the Virginia Supreme Court has addressed an issue, that opinion must control the decision of this court.

An examination of the existing Virginia authority discloses two reasonably relevant decisions.

*Rakes v. Fulcher*, 210 Va. 542, 172 S.E.2d 751 (1970), involved the issues of discovery of certain investigative materials compiled by the defendant's auto insurer. In commenting on the work product doctrine which in general protects an attorney's files from inspection, the court noted, "This doctrine, however, does not offer absolute immunity, and discovery will be permitted . . ." upon a showing "of necessity greater than . . . good cause." At page 546.

*Commonwealth v. Edwards*, 235 Va. 499, 370 S.E.2d 296 (1988), was a medicare fraud investigation where the Commonwealth was seeking to obtain

various business records to facilitate its investigation. In citing *Rakes, supra,* with approval, it confirmed the sanctity of the attorney's file as it relates to materials prepared in contemplation of litigation. *Edwards* then finds the material not prepared for litigation and shifts its consideration to the attorney client privilege. At page 510.

Taking these several cases and Rule 4:1(b)(3) and applying them to our case, the Court makes the following findings:

(1) The materials in question are the work product of defense counsel and his expert prepared after litigation began and relate to issues of this litigation.

(2) The letter of July 24, 2000, from Dr. Kade to Mr. Braley with its attachments are in the opinion of the court subject to the privilege in that they suggest possible theories of defense as opposed to the opinion rendered by the expert.

(3) The letters of June 20 and 23, 2000, from Mr. Braley to Dr. Kade are engagement letters which provide information regarding the case. A reasonable view of the information leads me to conclude that Dr. Kade would use this in preparation of his opinion and is discoverable.

(4) The remaining correspondence is composed of routine transmittal letters, which should be disclosed since they identify various materials sent to the expert for his review and opinion.

(5) There is no suggestion the material is available from other sources and it could be highly relevant in reviewing the potential expert testimony.

In summary, I am persuaded that *Lamonds, supra,* represents the more modern application of discovery practice and to the extent that the materials sought relate to the preparation of expert testimony for trial they should be produced. Obviously, I do not believe that either of the two Virginia cases, *Rakes* or *Edwards, supra,* preclude this result and are factually inapposite to our case. By disclosing material to an expert to assist him in preparing expert opinion for trial, counsel opens the discovery door. On the other hand, asking an expert to assist counsel in preparation for cross-examination of another expert moves into the area of legal theories which are protected by the rule.

Therefore the motion to quash is denied in part and granted in part.