Pavlak v. Dyer

C.P. of Pike County, no. 1099-2001 Civil.

*Charles Kannebecker,* for plaintiff.
*John R. Nealon,* for defendant.

THOMSON, *S.J.,* January 16, 2003—The above-captioned matter is decided simultaneously with the companion case of *Robert Rohena v. Michael Dyer,* no. 1100—2001 Civil.

## INTRODUCTION

The current motion involves a discovery dispute that centers upon the conflict between the protection afforded by the attorney work-product doctrine and the required disclosure of the grounds for an expert witness opinion. For the reasons below, plaintiff's attorney is ordered to provide defendant's counsel with a redacted copy of all written correspondence between plaintiff's attorney and plaintiff's expert witness. Specifically, plaintiff's coun-

sel must produce a copy of the letters sent to his expert, but he may redact his opinion work product from the letters before forwarding them to defense counsel. In order to ensure that only attorney opinion work product (the lawyer's mental impressions, conclusions, legal research, legal theories and strategy) has been edited out, plaintiff's attorney is also ordered to provide this court with copies of the redacted correspondence *and* copies of the complete, unedited letters. If this in camera inspection of the documents reveals that plaintiff's counsel has inappropriately redacted factual allegations or anything else that does not constitute attorney opinion work product, then this court shall forward copies of the unedited letters to defendant's attorney as an immediate sanction.

## FACTUAL BACKGROUND

The underlying case involves a personal injury suit following an automobile accident that occurred on August 8, 2001. During discovery, defendant Michael Dyer, through his attorney, issued a subpoena requesting medical records and documents from plaintiff's expert witness, who is also the plaintiff's treating physician. Although plaintiff's lawyer conceded at oral argument that the medical records were discoverable because plaintiff's physical condition is at issue, he objected to the discovery of attorney correspondence sent to his expert witness on the grounds that such letters constituted attorney work product. Defendant counters by arguing that anything the testifying expert witness[1] reviews in preparing

1. Pa.R.C.P. 4003.5, entitled "Discovery of expert testimony," clearly differentiates between what we shall refer to as a "testifying expert," a

his testimony is discoverable. Essentially, this discovery dispute focuses on the tension between Pa.R.C.P. 4003.3 which protects attorney work product from discovery, and Pa.R.C.P. 4003.5 which allows for the discovery of "facts known and opinions held" by testifying expert witnesses including the grounds for each opinion, even if those facts were acquired in anticipation of litigation.

## THE APPLICABLE PENNSYLVANIA RULES OF CIVIL PROCEDURE

First we note the applicable Pennsylvania rules. Pa.R.C.P. 4003.1 defines the broad scope of discovery and states that, subject to the provisions of Rules 4003.2 to 4003.5, "a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . ." The attorney work product privilege is codified in Rule 4003.3, which states in pertinent part: "Subject to the provisions of Rules 4003.4 and 4003.5 . . . discovery shall not include disclosure of the mental impressions of a party's attorney or his or her conclusions, opinions, memoranda, notes or summaries, legal research or legal theories." But Pa.R.C.P. 4003.5 allows the discovery of "facts known and opinions held by an expert," including a summary of the grounds for each opinion. We also note that we are not addressing any assertion of the attorney-client privilege because the communications here were not made to

---

person that is expected to be called as a witness at trial, and experts who have been retained or specially employed in anticipation of litigation and who are not expected to be called as witnesses at trial, whom we shall refer to as non-testifying "consultants." This opinion only addresses communications with "testifying experts."

a client. Cf., *McGovern v. Hospital Service Association of Northeastern Pa.,* 785 A.2d 1012 (Pa. Super. 2001).

Defendant's brief suggests that even if the communications to the plaintiff's expert contained mental impressions or legal theories of the plaintiff's attorney, "they lose any protection they may have had once they are disclosed to the [testifying expert], a third party not protected by the attorney-client relationship." Def.'s supplemental brief at 2. Although some federal courts have moved toward such a "bright-line" rule requiring full disclosure of anything a testifying expert witness examines prior to forming an opinion, the defendant offers no Pennsylvania controlling authority in support of this position.

## PENNSYLVANIA APPELLATE DECISIONS

Although these cases are not directly on point, there are a few Pennsylvania appellate decisions which support our conclusion that the attorney's opinion work product should still be protected by redacting those portions of the attorney's correspondence. The Superior Court has noted that "Pa.R.C.P. 4003.3 provides that work product is discoverable, with the exception of the mental impressions and opinions of the party's attorney and other representatives." *Dominick v. Hanson,* 753 A.2d 824, 826 (Pa. Super. 2000). The sound reasoning behind such protection is applicable to this current dispute: "The protection against the discovery of work product is designed to shelter 'the mental processes of an attorney, providing a privileged area within which he can analyze and prepare his client's case.'" *Birth Center v. St. Paul Companies Inc.,* 727 A.2d 1144, 1165 (Pa. Super. 1999). (citations

358

omitted) However, the letters sent to the plaintiffs' ex-. pert are not entitled to such protection in their entirety. Factual allegations within those letters are discoverable because they are not the equivalent of an attorney's legal theories or strategies, and they may have been relied upon by the expert in forming the expert opinion.

Plaintiffs cite *Commonwealth v. Noll,* 443 Pa. Super. 602, 662 A.2d 1123 (1995), in support of their position that correspondence with someone employed by a lawyer is protected work product. Indeed, the *Noll* opinion states that attorney work product includes "interviews, statements, memoranda, *correspondence,* briefs, mental impressions [and] personal beliefs." *Id.* at 608, 662 A.2d at 1126, quoting *Hickman v. Taylor,* 329 U.S. 495, 510-11, 67 S.Ct. 385, 393-94, 91 L.Ed. 451, 461 (1947). (emphasis added) But that quote from the *Noll* case is not controlling in this present dispute for two reasons. First of all, while this court recognizes that an attorney's letters may be protected work product, the issue in this case centers upon the possible dissolution of that protection once the letters are presented to an expert witness who will testify at trial because a party must disclose the basis of an expert's opinion. That particular issue was not presented in *Noll.* Moreover, the *Noll* case involved the application of the work-product doctrine and the attorney-client privilege in order to prevent an expert from testifying because the expert who had been originally hired by one party was about to be used at trial by the opposing party, *Noll,* 443 Pa. Super. 602, 662 A.2d 1123, a fact scenario that is inapplicable to our case.

Plaintiff's attorney also asserts that *Commonwealth v. Neill,* 362 Pa. 507, 67 A.2d 276 (1949) is on point, and the following quote was listed in plaintiff's brief:

"The defendant's counsel complains that the district attorney did not submit to defendant's counsel a pretrial communication to the district attorney from two of the expert witnesses called by the Commonwealth . . . . Defendant's counsel asserts that if he had been informed of this report he might, at the cross-examination of these witnesses, have brought out these circumstances to the attention of the jury. A district attorney is under no obligation to acquaint a defendant's counsel with all his oral or written communications with expert witnesses or other witnesses whom he proposes to call in the trial of a *criminal case.*" *Neill,* 362 Pa. at 520, 67 A.2d at 282 (concurring opinion by J. Maxey). (emphasis added)

Plaintiff's counsel erroneously asserts that the above quote is part of the relevant holding. However, this quote comes directly out of a concurring opinion, so it absolutely cannot be considered a holding or controlling authority. Furthermore, *Neill* was a criminal case and not a civil one like the controversy before us, and it was decided well before the most recent amendments to Pennsylvania's Rules of Civil Procedure. The amended rules have radically changed the prior practice as to discovery of documents. See Civil Procedure Rules Committee explanatory comment to Rule 4003.3 (1978).

Nevertheless, a full review of *Neill* reveals another quote which indicates the Pennsylvania Supreme Court's attitude (at least in 1949) towards discovery of communications with expert witnesses: "It has never been considered, nor held to be, the duty of a district attorney, *in the absence at least of a request,* to exhibit a private communication or 'report' of his expert witnesses to defendant's counsel, any more than it would be his duty

to acquaint opposing counsel with conversations or communications, oral or written, which he might have had with any other witnesses called on behalf of the Commonwealth." *Neill,* 362 Pa. at 515, 67 A.2d at 280. (emphasis added) But in the case before us today defendant Dyer has made a request for the documents in question through the issuance of a subpoena, so *Neill* is inapposite. We note that the attempt to use *Neill* as authority in this case indicates the dearth of Pennsylvania case law that is on point.

## PENNSYLVANIA TRIAL COURT DECISIONS

Defendant cites at least one Pennsylvania case which partially supports his position. In *Thomas v. Germantown Hospital,* 24 Phila. 417 (Philadelphia Cty. 1992), the plaintiffs tried to prevent an expert from testifying by claiming that a letter sent to the expert from the plaintiff's attorney was work product. The Philadelphia court partially rejected this claim and stated that "The work product privilege, however, protects from discovery only an attorney's mental impressions, conclusions and opinions respecting legal theories and strategies [citing *Hickman v. Taylor,* 329 U.S. 495]. Plaintiff counsel's letter to Dr. Lesser requesting an expert opinion and Dr. Lesser's expert opinion letter do not violate the work product privilege." *Thomas,* 24 Phila. at 422. Accordingly, this court concludes that the portion of plaintiff counsel's letter which requests an expert opinion and presents any facts, and any portion which asks about his availability for depositions, should be discoverable. However, *Thomas* does not stand for the proposition that all correspondence is automatically discoverable. In fact, the

above quote supports our conclusion that even though the requested letters have been reviewed by a testifying expert witness, the segments of those letters which contain the "attorney's mental impressions, conclusions and opinions respecting legal theories and strategies" are still protected from discovery.

A thorough search for other Pennsylvania decisions relating to discovery and expert witnesses revealed *Boyd v. Milton S. Hershey Medical Center,* 39 D.&C.4th 337 (Dauphin Cty. 1998). While the trial court in that case invoked Rule 4003.5(2)[2] to order further discovery upon the plaintiffs' expert witnesses, the *Boyd* court reasoned that the defendants had "shown cause" for seeking such information because they did so in contemplation of a *Frye* hearing. But the dispute before us today is not in anticipation of a *Frye* hearing, and defendant Dyer has not offered any extraordinary cause for obtaining the disputed documents.

## FEDERAL CASES ARE SPLIT ON THIS DISCOVERY ISSUE

Federal courts are split on this conflict between the work-product doctrine, as codified in Fed.R.C.P. 26(b)(3), and the disclosure of information considered by a witness in forming an expert opinion, as mandated by Fed.R.C.P. 26(a)(2) and allowed by Fed.R.C.P. 26(b)(4).[3]

---

2. Pa.R.C.P. 4003.5(2) states: "Upon cause shown, the court may order further discovery by other means . . . ."

3. When analyzing these federal cases, one should be cognizant of the fact that the applicable discovery rules in Pennsylvania are slightly different than the Federal Rules of Civil Procedure. For example, Fed.R.C.P. 26(b)(3) permits discovery only when the party seeking discovery shows substantial need of the materials in the preparation of

Before the 1993 amendments to the Federal Rules of Civil Procedure, in *Bogosian v. Gulf Oil,* 738 F.2d 587 (3d Cir. 1984), the Third Circuit ruled that opinion work product is absolutely protected from discovery, but *factual* work product could be discovered. On the other hand, in *Boring v. Keller,* 97 F.R.D. 404, 407 (D. Colo. 1983), the district court in Colorado stated that the opinion work product rule is no exception to discovery when the contested documents are previewed by an expert witness before forming his or her expert opinion. The defendant in today's dispute argues this latter position, while the plaintiff's attorney asserts the protection of his work product.

Even after the 1993 amendments to the federal rules, the controversy continued. In *Haworth Inc. v. Herman Miller Inc.,* 162 F.R.D 289 (W.D. Mich. 1995), the district court for the Western District of Michigan held that the work product privilege in Fed.R.C.P. 26(b)(3) still protected an attorney's mental impressions and opinions,

---

his case and is unable, without undue hardship, to obtain a substantial equivalent of the materials by other means. Under Pennsylvania's Rule 4003.3, such a showing of substantial need and undue hardship is not required. See Civil Procedure Rules Committee explanatory comment to Rule 4003.3. Also note that Fed.R.C.P. 26(a)(2)(B) mandates the issuance of a written expert report in most cases, while Pa.R.C.P. 4003.5 allows for an expert to answer interrogatories with a signed, written report, but does not require one.

Both the federal rules and Pennsylvania's rules are similar in that they allow for the discovery of the facts known and opinions held by experts. See Fed.R.C.P. 26(b)(4); Pa.R.C.P. 4003.5. But Fed.R.C.P. 26(a)(2)(B) is more detailed in that it requires the expert report to disclose "the data or other information considered by the witness in forming the opinions." In Rule 4003.5, Pennsylvania only mandates "[d]iscovery of the facts known and opinions held by an expert" including a summary of the grounds for each opinion.

even when this "core" work product was presented to an expert. *Id.;* see also, *Rail Intermodal Specialists v. General Electric,* 154 F.R.D. 218 (N.D. Iowa 1994) (discovery of counsel's letters to experts were barred by the work-product doctrine). The *Haworth* court, however, noted that Fed.R.C.P. 26(a)(2) specifically required the disclosure of *factual* information considered by an expert, even if not relied upon in formulating the expert opinion. *Id.* at 296.

But the *Haworth* decision has been widely criticized and it appears to now represent the minority position among federal courts. There are a plethora of recent decisions in which federal courts ruled that the disclosure requirements of Rule 26(a)(2) "trump" any assertion of the work product privilege. See *e.g., Weil v. Long Island Savings Bank,* 206 F.R.D. 38 (E.D. N.Y. 2001); *Suskind v. Home Depot Corp.,* 2001 U.S. Dist. Lexis 1349, WL 92183 (D. Mass. 2001); *B.C.F. Oil Ref. Inc. v. Consolidated Edison Co.,* 171 F.R.D. 57 (S.D. N.Y. 1997); *Musselman v. Phillips,* 176 F.R.D. 194 (D. Md. 1997); *Karn v. Ingersoll Rand,* 168 F.R.D. 633 (N.D. Ind. 1996); *Intermedics Inc. v. Ventritex Inc.,* 139 F.R.D 384 (N.D. Cal. 1991).

Even the leading federal practice treatises are equally divided. Section 26.80[1][a] of Moore's *Federal Practice* (Third ed., 2001) states that the 1993 amendments were not intended to abrogate the enhanced protection of opinion work product recognized by the Supreme Court in *Upjohn v. United States,* 449 U.S. 383, 401, 101 S.Ct. 677, 66 L.Ed. 2d 584 (1981). But Wright and Miller's *Federal Practice and Procedure* §2031.1 (1994) states that "counsel should now expect that any written

or tangible data provided to testifying experts will have to be disclosed." See also, *Weil.*

One of the policies behind the "bright-line" full disclosure rule is that litigation certainty will be achieved because lawyers will know that any documents provided to a testifying expert will be subject to discovery. But Pennsylvania's lack of clear appellate authority favoring such a bright-line rule, and the difference between this state's discovery rules and the federal rules, makes this court reluctant to adopt such a policy. While a full disclosure rule would augment the defendant's ability to discern the amount of attorney influence on the expert's testimony, that reason alone is not enough for us to adopt such a wide-sweeping rule. Moreover, the District Court for the Middle District of Pennsylvania has recently declared that "The policy reasons supporting the 'bright-line' rule in favor of disclosure of materials disclosed to an expert are not compelling and ignore the policy considerations that compel protection of core work product." *Krisa v. Equitable Life Assur. Soc'y,* 196 F.R.D. 254, 259 (M.D. Pa. 2000) (holding that cover letters from counsel to an expert that do not contain mental impressions, opinions or conclusions of counsel are discoverable, but written notes that contained the lawyer's mental impressions were protected).

## A REVIEW OF APPLICABLE CASES
## FROM OTHER JURISDICTIONS

After conducting an exhaustive review of Pennsylvania law on the subject, this court concludes that there is no controlling authority directly on point. Accordingly, in addition to our brief analysis of federal case law, deci-

sions from other state courts have been reviewed as persuasive authority in an effort to reach the most appropriate resolution of this discovery dispute.

Faced with the identical issue that we address today, the Virginia Circuit Court ordered a party to turn over an edited copy of an attorney's correspondence with his expert witness, with the counsel's work product redacted. *Moyers v. Steinmetz,* 37 Va. Cir. 25 (Winchester Cir. Ct. 1995). After noting that Virginia's discovery rules are almost the same as Fed.R.C.P. 26(b), the *Moyers* court decided to strike a balance between the discovery of factual information considered by an expert and the protection afforded by the work-product doctrine. Accordingly, the Virginia Circuit Court declared "to the extent that any communication from counsel to its expert contains a statement of facts, then that material is discoverable . . . ," but the "mental impressions, conclusions, opinions and legal theories" of those letters were to be edited out. *Id.* at 29. This court agrees with that analysis and adopts a similar approach in the order that accompanies today's opinion.

In order to clarify what constitutes protected opinion work product, we draw attention to an unreported Connecticut decision and another Virginia case. In *Wilson v. Rogers,* 53 Va. Cir. 280 (Portsmouth Cir. Ct. 2000), the Virginia Circuit Court ruled that "[b]y disclosing material to an expert to assist him in preparing for trial, counsel opens the discovery door. On the other hand, asking an expert to assist counsel in preparation for cross-examination of another expert moves into the area of legal theories which are protected . . . ." *Id.* at 282. In *Murchie v. Hurwitz,* 6 Conn. L. Rptr. 300, 1992 Conn.

Super. Lexis 1026 (April 7, 1992) (unreported decision), the Superior Court of Connecticut determined that a party has the right to investigate the factual basis of any expert opinions, the nature of any facts that may have been disregarded by the expert as not being relevant to his opinion, and the nature of the request made to the expert. Specifically, as applied in our case, defendant Dyer has the right to review any information contained in the contested correspondence which constitutes an assertion of fact relating to the incident, or a version of the facts relating to the incident, and the nature of any requests made to the expert. But the plaintiffs are not required to disclose information concerning the mental impressions, conclusions, opinions, legal theories or legal strategies of their attorney.

Legal research reveals that "there is a sea of authority on this question from which one may pluck a fish to suit one's taste." *Moyers,* 37 Va. Cir. at 26. There are other state court decisions which utilize our balancing approach, see *e.g., McKinnon v. Smock,* 264 Ga. 375, 378, 445 S.E.2d 526, 528 ("correspondence from an attorney to an expert is protected from disclosure *to the extent that* the correspondence contains opinion work product of the attorney") (emphasis added), or favor the work-product doctrine. *Holmes v. Weissman,* 674 N.Y.S.2d 215, 217, 251 A.D.2d 1078, 1079 (1998) (attorney's letter to medical expert was protected by the work product privilege). On the other hand, there are several states which mirror the federal trend toward a bright-line full disclosure rule. See *e.g., Rowlands v. Choon Lai,* 1999 Del. Super. Lexis 176, at *3 ("Delaware courts do not distinguish documents sent to experts based on what they contain. Any correspondence to an expert who will be testi-

fying waives the privilege no matter what is contained in the documents."); *Emergency Care Dynamics v. Superior Ct. of the State of Arizona,* 188 Ariz. 32, 33, 932 P.2d 297, 298 (1997) ("A lawyer foregoes work-product protection for communications with an expert witness concerning the subject of the expert's testimony even if the expert also plays a consulting role.").

This court believes that a balancing approach, where factual allegations reviewed by an expert are discoverable but opinion work product is still protected, is the best approach. Furthermore, this resolution is consistent with the Pennsylvania Rules of Civil Procedure. Rule 4003.3 "is carefully drawn and means exactly what it says. It immunizes the lawyer's mental impressions, conclusions, opinions, memoranda, notes, summaries, legal research and legal theories, *nothing more.*" Civil Procedure Rules Committee explanatory comment to Rule 4003.3 (1978). (emphasis added)

Accordingly, the following order is entered:

## ORDER

Upon consideration of defendant's motion to strike plaintiff's objections to defendant's subpoenas, defendant's brief in support submitted thereon, plaintiff's brief in opposition, defendant's supplemental brief, plaintiff's reply brief, the record in its entirety, and after oral argument thereon, this court issues the following order:

Defendant's motion to strike plaintiff's objections to defendant's subpoenas is granted in part and denied in part. For the reasons above, plaintiff's attorney is ordered, within seven days from the date of this order, to provide defendant's counsel with a redacted copy of all written

correspondence between plaintiff's attorney and plaintiff's expert witness. Specifically, plaintiff's counsel must produce a copy of the letters sent to his expert, but he may redact his opinion work product from the letters before forwarding them to defense counsel. In order to ensure that only attorney opinion work product (the lawyer's mental impressions, conclusions, legal research, legal theories and strategy) has been edited out, plaintiff's attorney is also ordered, within seven days, to provide this court with copies of the redacted correspondence *and* copies of the complete, unedited letters. If this in camera inspection of the documents reveals that plaintiff's counsel has inappropriately redacted factual allegations or anything else that does not constitute attorney opinion work product, then this court shall forward copies of the unedited letters to defendant's attorney as an immediate sanction.