AMERICAN FIDELITY ASSURANCE COMPANY, Plaintiff,

v.

Ladonna BOYER and Combined Insurance Company of America, Defendants.

American Fidelity Assurance Company, Plaintiff,

v.

Todd Bidwell and Combined Insurance Company of America, Defendants.

Nos. C/A 3:03–1367–24, C/A 3:03–1434–24.

United States District Court, D. South Carolina, Columbia Division.

Aug. 24, 2004.

Evans Taylor Barnette, McCutchen, Blanton, Rhodes and Johnson, Columbia, SC, for Plaintiff.

Thomas Eugene Allen, III, Angus H. Macaulay, Jr., Nexsen, Pruet, Jacobs and Pollard, Columbia, SC, for Defendants.

## ORDER

SEYMOUR, District Judge.

Plaintiff American Fidelity Assurance Co. Brings this action against two former employees, Defendants Todd Bidwell and Ladonna Boyer, and their current employer, Defendant Combined Insurance Company of America. Plaintiff alleges that Defendants Boyer and Bidwell breached a covenant not to compete contained in their employment contract. Plaintiff asserts causes of action for breach of contract, civil conspiracy, and intentional interference with contractual relations.

This matter came before the court for a hearing on Friday, July 2, 2004, with respect to various motions to compel filed by both Plaintiff and Defendants. Among other things, Defendants moved to compel the following information with respect to Plaintiff's retained experts, Phillip G. Brimer and A. Joy McDonald:

1) Any and all documents, notes or records relating to the above captioned case and Expert's report dated January 28, 2004 [of Mr. Brimer, or January 29, 2004, in the case of Ms. McDonald] including correspondence, electronic correspondence and information provided by Plaintiff's counsel.

2) Any and all other materials used, referred to or consulted in preparing the Expert's Report ... to include any draft reports.

## I. *DISCUSSION*

Defendants contend that the information sought is discoverable pursuant to Rule 26(a)(2)(B), FRCP, which provides that an expert report must "contain a complete statement of all opinions to be expressed and the basis and reasons therefor [and] the data or other information considered by the witness in forming the opinions...." Plaintiff objects on the grounds that Defendants seek materials containing non-discoverable attorney opinion work product. *See* Rule 26(b)(3), FRCP (requiring the court to "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation"). The court has made an *in camera* review of the materials at issue.

Courts are split regarding the discoverability of communications between attorneys and expert witnesses. The commentary to Rule 26 provides:

Rule 26(a)(2)(B) does not preclude counsel from providing assistance to experts in preparing the reports, and indeed, with experts such as automobile mechanics, this assistance may be needed .... the report is to disclose the data and other information considered by the expert and any exhibits or charts that summarize or support the expert's opinions. Given this obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions—whether or not ultimately relied upon by the expert—are privileged or otherwise protected from disclosure when such persons are testifying or being deposed.

In *Musselman v. Phillips,* 176 F.R.D. 194 (D.Md.1997), the court noted that a number of courts and commentators have concluded that, under Rule 26(a)(2)(B), "if an attorney provides work product to an expert who considers it in forming opinions which he or she will be testifying to at trial, this information is no longer privileged and must be disclosed." *Id.* at 197. The *Musselman* court cited with approval to *Karn v. Ingersoll–Rand,* 168 F.R.D. 633, 639–41 (N.D.Ind. 1996), as follows:

[In *Karn,*] the court held that Rule 26(a)(2)(B) requires disclosure of any information considered by a testifying expert in reaching his or her opinion, which means anything reviewed by an expert who will testify, including written or oral lawyer-expert communications, even though such information may constitute opinion work product. the court noted that this is a "bright line" rule which promotes the following policies: (1) it enables effective cross-examination of expert witnesses, which is essential to the "integrity of the truth-finding process" because "useful cross-examination and possible impeachment can only be accomplished by gaining access to all of the information that shaped

or potentially influenced the expert witness's opinion"; (2) such disclosure does not "violate the core precepts of the work product doctrine, which, at bottom, is intended to allow counsel unfettered latitude to develop new legal theories or conduct factual investigation, because, when an attorney provides work product to an expert retained to offer testimony at trial, this does not result in counsel developing new legal theories or enhance the conduct of fact investigation," since "the work product either informs the expert as to what counsel believes are relevant facts, or seeks to influence him to render a favorable opinion"; and (3) the bright line test" actually preserves the work product privilege, because "there is no lingering uncertainty as to what documents will be disclosed. Counsel can easily protect a genuine work product by simply not divulging it to the expert."

*Musselman*, 176 F.R.D. at 198.

The *Musselman* court found that disclosure was appropriate because expert testimony has added significance in a trial, and can be both powerful and misleading because it involves specialized knowledge about which, by definition, the factfinder has little understanding. Therefore, effective cross-examination is critical to expose weaknesses in the expert's testimony. According to the *Musselman* court, it is essential during pretrial discovery that the parties be able to discover "not only what an opposing expert's opinions are, but also the manner in which they were arrived at, what was considered in doing so, and whether this was done as a result of an objective consideration of the facts, or directed by an attorney advocating a particular position." *Id.* at 200. The court observed that " '[a]n attorney, consciously or unconsciously, may have shared certain legal theories or conclusions about a case which may have shaped an expert's opinion. Given the significance which jurors may attach to expert testimony and the increasing occurrence of "battle of the experts," a jury is entitled to know everything that influenced an expert's opinion in order to assess his credibility.' " *Id.* (quoting *Barna v. United States,* 1997 WL 417847, at *2 (N.D.Ill. July 28, 1997)); *see also Lamonds v. Gen. Motors Corp.,* 180 F.R.D. 302, 305–06 (W.D.Va.1998) (observing

that "[i]t can be important for the trier of fact to know whether the expert arrived at his opinion after an independent review of all relevant facts or whether he relied on 'facts' chosen and presented by an attorney advocating a particular position. This information can only surface on cross examination where an opposing party has been able to discover the material provided to the expert by the lawyer who retained him."). The court finds the reasoning articulated in *Musselman* to be persuasive.

## II. *CONCLUSION*

For the reasons stated, Defendants' motions to compel (Docs. 47, 44) are **granted.**

**IT IS SO ORDERED.**