**DAZIAN'S, INC. v. SWITZER BROS., Inc. et al.**

**Civ. No. 27447.**

United States District Court
N. D. Ohio, E. D.

March 5, 1953.

See also, 95 F.Supp. 626.

Bates, Teare & McBean and Albert R. Teare, Cleveland, Ohio, for plaintiff.

Albert L. Ely, Jr., Cleveland, Ohio, for defendant.

JONES, Chief Judge.

Defendants in this action ask leave to file a counterclaim, and further ask leave to amend or supplement the counterclaim.

The proposed counterclaim is for infringement and contributory infringement of two of the patents in suit, and is founded upon new Title 35 U.S.C.A. § 271. The amendment adds a claim for infringement of U. S. Patent No. 2,606,809, (not now in suit but a related patent) and a tort claim.

Plaintiff opposes the applications for leave to file.

Rule 13, Rules of Civil Procedure, 28 U.S.C.A., permits an omitted counterclaim or a counterclaim maturing or acquired after pleading by leave of court. Rule 15(a) authorizes belated amendments to pleadings by leave of court, and further provides that "leave shall be freely given when justice so requires."

The defendants in this action may now assert a claim against plaintiff for infringement of U. S. Patents Nos. 2,417,384 and 2,450,085. This right arises under Title 35, § 271 which became effective January 1, 1953 and is made applicable to unexpired patents granted prior to such date.

Multiplicity of litigation may be avoided, and the entire controversy between the parties expeditiously settled by granting defendants leave to counterclaim in this action. Plaintiff can not be seriously prejudiced by this action of the court inasmuch as trial of the case will not be delayed.

Accordingly, leave will be granted.

If plaintiff desires to attack the sufficiency of defendants' counterclaim, it should do so by reply or motion to dismiss. The court should not at this preliminary stage pass upon the merits of the claims. Leave to file and to amend granted.