## London *v.* Philadelphia, Appellant.

Argued January 8, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Levy Anderson,* First Deputy City Solicitor, with him *Richard K. Masterson* and *Matthew W. Bullock,*

*Jr.*, Assistant City Solicitors, *Joseph V. Furlong, Jr.*, Deputy City Solicitor, and *David Berger*, City Solicitor, for City of Philadelphia, appellant.

*William H. Brown, III*, with him *A. Leon Higginbotham, Jr.*, for appellee.

OPINION BY MR. JUSTICE EAGEN, November 12, 1963:

An automobile, operated by Luish London, was involved in a collision with a truck, owned by the City of Philadelphia (City), and operated by one of its employees. Two passengers in the London automobile, Lettie and William Cherry, were injured.

The Cherrys, being residents and citizens of the State of Virginia, instituted personal injury actions against the City in the United States District Court for the Eastern District of Pennsylvania. The City joined London as a third-party defendant. Subsequently, the City settled the Cherrys' claims by the payment of $20,000 in damages[1] and sought partial recovery from London. The contribution action proceeded and the jury, after trial, returned a verdict in favor of the City and against London in the amount of $10,000, being one-half of the amount paid by the City in settlement of the Cherrys' claims. London did not assert any claim against the City in this action.

During the pendency of the foregoing federal action, London commenced this suit in the Court of Common Pleas No. 3 of Philadelphia County, seeking damages from the City in compensation for injuries suffered in the accident. The City in its answer to the complaint asserted that the judgment in the federal court contribution action barred London's present action. The court overruled the City's motion for judgment on the pleadings. A trial ensued subsequent to the ter-

---

[1] London and the City stipulated of record that the sum was fair and reasonable. The court approved the settlement.

mination of the federal court action and resulted in a verdict for London against the City in the amount of $18,000. The City's motion for judgment notwithstanding the verdict was overruled. From the judgment entered on the verdict, the City appeals.

The lower court in ruling that the federal action did not bar the present suit based its conclusion upon the premise that London could not have asserted or litigated his claim against the City in the federal court action, due to the lack of diversity of citizenship between London and the City. This was not correct. London's claim could have been asserted as a counterclaim in the federal court as a matter ancillary to the original actions. Since the federal court had jurisdiction in the action of the Cherrys against the City, due to diversity of citizenship of the original parties, an independent federal jurisdictional basis was not required in the ancillary actions. Once the federal court validly acquired jurisdiction, its jurisdiction extended to all matters ancillary to the main cause of action, even though the ancillary matter lacked federal jurisdictional requisites: *Heintz & Co. v. Provident Tradesmens Bank & Trust Co.*, 30 F.R.D. 171 (E.D. Pa. 1962); *Dery v. Wyer*, 265 F. 2d 804 (2 Cir. 1959).

Moreover, not only was it possible for London to assert his claim in the federal court action, but his failure to do so precluded him from ever subsequently asserting it in any federal court. This is based on the res adjudicata principle. See, *United States v. Southern Construction Co.*, 293 F. 2d 493 (6 Cir. 1961); *Union Paving Company v. Downer Corporation*, 276 F. 2d 468 (9th Cir. 1960); *Lawhorn v. Atlantic Refining Company*, 299 F. 2d 353 (5th Cir. 1962).

Rule 13(a) of the Federal Rules of Civil Procedure provides for the filing of a counterclaim in an action based upon a claim arising out of the same occurrence or transaction. If such counterclaim exists, it must be

therein pleaded or it is forever barred, unless at the time the action is commenced, there is already pending an independent action which covers the subject of the counterclaim. See, Cyclopedia of Federal Procedure, Vol. 6, §16.10. The present action was not pending when the Cherrys' federal court action was filed. As noted before, London's present action was instituted *after* the commencement of the Cherrys' actions.

We realize that Pennsylvania state court trials are not bound by federal court procedural rules. But, this is not now a matter of procedural rules, but rather the application of substantive law. The principle of res adjudicata is controlling.

In the contribution action, the City was the party-plaintiff and London, the party-defendant; in fact, they were the only parties. The issue for determination was whether or not London was guilty of causative negligence in the collision involved. The jury found that he was. The cause of action was the violation of duty of one, or both, of the drivers involved in the accident, not the damages caused by the collision: *Simodejka v. Williams*, 360 Pa. 332, 62 A. 2d 17 (1948).

The testimony in the present action concerning the collision and the cause thereof was practically identical with that offered in the federal court trial. Further, there was: (a) Identity of the thing sued for; (b) Identity of the cause of action; (c) Identity of the persons and parties to the action; (d) Identity of quality of the persons for or whom the claim was made. To now rule that the same parties may retry the same cause of action would be violative of the doctrine of res adjudicata, encourage relitigation of issues already determined, and permit the anomaly of having two contrary jury findings regarding the same basic question.

Judgment reversed and is herewith entered for the defendant.