228 So.2d 412 (1969)
LAWYERS TITLE INSURANCE CORP., Appellant,
v.
LITTLE RIVER BANK & TRUST COMPANY and Rachel Mechlowitz, Appellees.
No. 69-187.
District Court of Appeal of Florida. Third District.
November 25, 1969.
Rehearing Denied December 19, 1969.
*413 George N. Jahn, Miami, and Richard H.W. Maloy, Coral Gables, for appellant.
Eli Breger and Shutts & Bowen and Herbert L. Nadeau, Miami, for appellees.
Before PEARSON, C.J., and CHARLES CARROLL and SWANN, JJ.
SWANN, Judge.
Lawyers Title Insurance Corporation appeals from a summary final judgment rendered against it on the third party complaint it had filed against Little River Bank & Trust Company. The final judgment does not state the grounds upon which it was based. Able counsel for the parties have advanced persuasive reasons for affirmance or reversal on several different grounds. We believe that one ground advanced by the Bank requires an affirmance, however, and this opinion will be limited to that ground.
In summary the record shows that an original plaintiff, Rachel Mechlowitz, sued Lawyers Title and the Bank as co-defendants. The Bank and Lawyers Title filed answers to the Mechlowitz complaint, and the Bank filed a cross-claim against its co-defendant, Lawyers Title. Lawyers Title filed an answer to the cross-claim.
The Bank and Lawyers Title later moved for summary final judgments on the Mechlowitz complaint. The motion of Lawyers Title for a summary judgment on the Mechlowitz complaint was denied and that cause is still pending. A summary final judgment was rendered for the defendant Bank on the claim of the plaintiff Mechlowitz. That summary final judgment was affirmed on appeal. See Mechlowitz v. Little River Bank and Trust Co., Fla. App. 1967, 203 So.2d 66. Lawyers Title then moved for a summary judgment on the cross-claim filed against it by the Bank. The motion was granted and summary final judgment was rendered for Lawyers Title on the cross-claim. That final summary judgment was rendered on September 28, 1966, and no appeal was taken therefrom.
On April 4, 1968, the trial judge granted a motion of Lawyers Title under Rule 1.180, Florida Rules of Civil Procedure, 30 F.S.A., to file a third party complaint against the Bank. On April 16, 1968, Lawyers Title filed its third party complaint against the Bank. The Bank filed its motion to dismiss and answer. Ultimately, the trial court rendered a summary judgment for the Bank on the third party complaint and that final summary judgment is before us by this appeal.
An examination of the third party complaint filed by Lawyers Title against the Bank reveals that it arose out of the same transaction or occurrence that was the subject matter of the original cross-claim filed by the Bank against Lawyers Title.
Rule 1.170(a), Florida Rules of Civil Procedure, provides in pertinent part:
"A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, provided it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction. * * *" (Emphasis added)
*414 Rule 13(a), Federal Rules of Civil Procedure, is substantially the same as Florida Rule 1.170(a) except for portions thereof which are immaterial in this case.
In 3 Moore's Federal Practice § 13.12, there is a discussion of the general scope of Federal Rule 13(a). On page 30 it states:
"and similarly, if defendant, X, pleads a cross-claim against his co-party, defendant Y, the latter must plead as a counterclaim any claim which he (Y) has against X that arises out of the transaction or occurrence which has made the basis of X's cross-claim."
In 2A Moore's Federal Practice § 7.04, at 1539 it is reported:
"No reply is mandatory to an answer made to a cross-claim unless it contains a counterclaim denominated as such.[4]"
"[4] See Rule 13(a), (g), which authorizes a counterclaim in such a situation as this: defendant A cross-claims against defendant B; B should plead any compulsory counterclaim that he has against A, and may plead independent claims against A."
In the author's comments to Rule 1.170, Florida Rules of Civil Procedure, 30 F.S.A. at 238, it is reported:
"* * * If, however, the counterclaim arises out of the transaction or occurrence that forms the basis of the plaintiff's claim, failure to assert it as a counterclaim constitutes a waiver of the right to recover on it."
See Hightower v. Bigoney, Fla. 1963, 156 So.2d 501, 17 A.L.R.3d 1308; Pesce v. Linaido, Fla.App. 1960, 123 So.2d 747; and 20 Am.Jur.2d "Counterclaims, etc." § 13.
We think that this rationale must be followed here. If Lawyers Title had a claim against the Bank which arose out of the transaction or occurrence which was the subject matter of the original cross-claim filed by the Bank against Lawyers Title it should have filed its counterclaim against the Bank asserting such rights at that time. It did not do so. Instead, Lawyers Title affirmatively moved for and recovered a summary final judgment on the cross-claim filed against it by the Bank. Approximately 19 months later it attempts to assert these alleged rights by means of a third party complaint against the Bank. By failing to file its compulsory counterclaim asserting such rights, it has waived or is estopped to assert such rights, if any existed, and it may not later attempt to assert them in a third party complaint filed against the Bank. Cf. Moore v. Deal, 203 F. Supp. 66 (E.D.Pa. 1962) and London v. City of Philadelphia, 412 Pa. 496, 194 A.2d 901 (1963)
For these reasons the summary final judgment for the Bank is
Affirmed.