268 So.2d 400 (1972)
S.A. STONE, Appellant,
v.
PEMBROKE LAKES TRAILER PARK, INC., Appellee.
No. 71-666.
District Court of Appeal of Florida, Fourth District.
August 7, 1972.
*401 Melvin I. Muroff, Miami, for appellant.
David L. Kline, of Abrams, Anton, Robbins & Resnick, Hallandale, for appellee.
CROSS, Judge.
Defendant-appellant, S.A. Stone, appeals a final judgment entered in favor of the plaintiff-appellee, Pembroke Lakes Trailer Park, Inc., which directs a return of a deposit held by the defendant in his capacity as a real estate broker. We reverse.
The litigation in the case sub judice arose out of the following factual situation. The defendant Stone is a real estate broker who attempted to arrange a sale of property to the plaintiff. A contract for sale was entered into between the plaintiff-buyer, Pembroke Lakes Trailer Park, Inc. (Pembroke), and a third party, Park City Mobile Homes Estates, Inc. (Park). Pembroke deposited with the broker Stone two thousand dollars on account of the purchase price. Stone was to earn a commission of ten thousand dollars upon sale of the property. However, Park refused to abide by its contract and Pembroke was forced to bring an action for specific performance in which it was successful. Park appealed the decision, but some arrangement between the parties was reached and the appeal was dismissed, but no arrangement was made concerning any broker's fees.
Stone, the broker, then brought an action for declaratory relief against both Pembroke and Park alleging that he was entitled to a broker's fee of ten thousand dollars, and reciting that he had in his possession two thousand dollars, and that therefore only eight thousand dollars was owed. Judgment for the defendants was entered in the declaratory judgment action, and it does not appear that this judgment was appealed.
Pembroke then brought this suit for the return of the two thousand dollars in the possession of the broker, Stone. Stone answered admitting that he had the money, but defended upon the sole ground that Pembroke was barred from bringing this suit due to the provisions of Fla.R.Civ.P. 1.170(a), 30 F.S.A., the compulsory counterclaim rule, because Pembroke had not asserted a counterclaim in the suit brought by Stone. The trial judge held that Pembroke's claim was not compulsory and entered judgment for the plaintiff. This appeal followed.
The sole question for our determination in the case sub judice is whether under these circumstances Pembroke's claim against the broker Stone "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." The parties agreed that the exceptions provided by the rule do not apply in the case at bar.
The Florida rule is in this case substantially identical with the Fed.R.Civ.P. 13.
*402 It has been said that courts should give the phrase "transaction or occurrence that is the subject matter of the suit" a broad realistic interpretation in the interest of avoiding a multiplicity of suits. See Dazian's Inc. v. Switzer Brothers, Inc., 14 F.R.D. 24 (N.D.Ohio 1953). Thus, subject to the exceptions inherent in the rule, any claim that is logically related to another claim that is being sued on is properly the basis for a compulsory counterclaim. Such a definition would further the purpose of the rule in that it would minimize litigation and prevent a multiplicity of suits. See generally Moore-Vestal-Kurland, Moore's Manual, Federal Practice and Procedure § 11.09(3) (1971); 6 Wright & Miller, Federal Practice and Procedure § 1410 et seq. (1971); 1A, Barron and Holtzoff, Federal Practice and Procedure § 394 at 573 (Rules ed. 1960) and cases cited n. 79.15.
The definition of "transaction" was also at issue in the leading case of Moore v. New York Cotton Exchange, 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750 (1926). In Moore, the plaintiff was suing the exchange, claiming a violation of the federal antitrust laws because the defendant, New York Cotton Exchange, refused to furnish the plaintiff with current market price quotations. The exchange counterclaimed for an injunction, claiming that the plaintiff was illegally obtaining the current market quotations. After the main complaint was dismissed, the plaintiffs moved for dismissal of the defendant's counterclaim on the ground that it did not arise out of any transaction which was the subject matter of the main suit. The United States Supreme Court in affirming the denial of the motion, said that:
"`[t]ransaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship. . .. Essential facts alleged by appellant enter into and constitute in part the cause of action set forth in the counterclaim. That they are not precisely identical, or that the counterclaim embraces additional allegations, ... does not matter. To hold otherwise would be to rob this branch of the rule [Equity Rule 30] of all serviceable meaning, since the facts relied upon by the plaintiff rarely, if ever, are, in all particulars, the same as those constituting the defendant's counterclaim... .
"So close is the connection between the case sought to be stated in the bill and that set up in the counterclaim, that it only needs the failure of the former to establish a foundation for the latter; . .. ." Moore v. New York Cotton Exchange, 270 U.S. at 610, 46 S.Ct. at 371 (Emphasis supplied.)
Applying these definitions to the case sub judice, it is clear that the present suit is barred as it arose out of the same transaction that was the subject matter of the opposing party's claim due to their logical relationship The opposing party in the prior suit (Stone, the present defendant), claimed that he was owed monies for his broker's fees. Pembroke, the plaintiff in the present suit claims, in effect, that since the prior suit (in which Pembroke was a defendant) determined that the broker was not entitled to any broker fees, it is entitled to the return of its money. While we do not render any decision on the correctness of plaintiff-appellee's claim, its failure to present its claim for judicial determination in the prior action, pursuant to Fla.R.Civ.P. 1.170(a), bars Pembroke from doing so now, for so close is the connection between the two suits, that plaintiff's present suit needed only the failure of the defendant's prior suit to establish a foundation for this suit. See Hightower v. Bigoney, 156 So.2d 501 (Fla. 1963); Lawyers Title Ins. Corp. v. Little River Bank & Trust Company, 228 So.2d 412 (Fla.App. 1969); Pesce v. Linaido, 123 So.2d 747 (Fla.App. 1960).
*403 Accordingly, the judgment of the trial court is reversed and the cause remanded with instructions to dismiss plaintiff's complaint with prejudice.
Reversed and remanded, with instructions.
REED, C.J., and OWEN, J., concur.