**Harvan (minor) v. Colancecco**

*Joseph J. Velitsky*, for plaintiffs.

*Roger N. Nanovic*, for defendant.

*Thomas S. McCready*, for additional defendant.

HEIMBACH, P. J., May 22, 1974.—Plaintiffs filed a complaint in trespass on June 9, 1972, against defendant, seeking damages for injuries arising out of an automobile accident on June 12, 1970. Defendant joined additional defendant by complaint filed on June 29, 1972, averring that additional defendant

alone was liable or jointly or severally liable. Additional defendant filed his answer, generally denying liability and in new matter raised the defense of res judicata, averring that in a suit arising out of the same accident brought against defendant by a passenger he was joined as an additional defendant and a jury returned a verdict against defendant and a verdict in favor of the additional defendant. Unappealed judgments have been entered on both verdicts.[1]

On September 27, 1973, additional defendant filed an amended answer to the complaint to include a further averment in new matter that the statute of limitations had run prior to his being joined as an additional defendant, barring defendant's claim of sole liability and recovery of any damages from him by plaintiffs.

To the amended answer, defendant filed preliminary objections in the nature of a motion to strike, averring the lateness of the filing was prejudicial to defendant.

Since trial has not been had, defendant has not been prejudiced by the delay in filing the amended answer, and the amendment, in keeping with the provisions of Pennsylvania Rule of Civil Procedure 126 that the rules should be liberally construed to secure the just, speedy and inexpensive termination of every action, should be allowed: Helms v. Chandler, 423 Pa. 77. We will enter an order dismissing defendant's preliminary objections.

So that plaintiffs will not continue to be delayed in having the trial of the cause, we will determine all

---

[1] Roger Gehring, a minor, by his parent and natural guardian, Carl O. Gehring; and Carl O. Gehring, individually, v. Randolph Colancecco, defendant, and Stephen Kokinda, additional defendant, In Trespass, January term, 1972, no. 77.

matters existing between defendant and additional defendant with the same effect as though such matters were procedurally properly brought before us.

Since it is apparent from the complaint that plaintiffs are barred from claiming any damages from additional defendant by reason of the statute of limitations,[2] defendant's claim of sole liability on the part of additional defendant is likewise barred (Bowers v. Gladstein, 317 Pa. 520), and such claim is stricken with the same force and effect as though a preliminary objection had been filed by the additional defendant. See Goodrich-Amram, §2255(a)-3, 88, citing Gloeckner v. Pittsburgh, 102 Pitts. J. 455. Such claim having been eliminated, we will treat defendant's complaint as having been amended to omit any claim of sole liability on the part of additional defendant: Shalata v. Schleicher, 45 Luz. 119 (1955).

This brings us to the disposition of additional defendant's request to dismiss the complaint filed against him by defendant as being res judicata as though the matter were before us on preliminary objections in the nature of a motion for judgment on the pleadings.

To make a matter res judicata, there must be a concurrence of the four following conditions: (1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons and of parties to the action; (4) identity of the quality in the persons for or against whom the claim is made: Bennett v. Erwin, 325 Pa. 330; London v. Philadelphia, 412 Pa. 496.

In the instant case, the statute of limitations has run and plaintiffs in this action are no longer parties.

---

[2] The Act of Assembly, June 24, 1895, P. L. 236, 12 PS §34, states: "Every suit hereafter brought to recover damages for injury wrongfully done to the person, . . . must be brought within two years from the time when the injury was done and not afterwards."

The only parties involved are defendant and additional defendant. Their respective rights have heretofore been determined by a jury. Defendant in that action was alone found negligent. Additional defendant was absolved of any negligence.

We paraphrase what the court said in London v. Philadelphia, supra, 500:

"The cause of action [in the prior passenger case filed to No. 77 January Term, 1972] was the violation of duty of one, or both, of the drivers involved in the accident, not the damages caused by the collision."

The testimony in the present proceedings concerning the collision and the cause thereof will presumably be identical with that in the passenger case. The four conditions are present: (a) identity of the thing sued for; (b) identity of the cause of action; (c) identity of the persons and parties to the action; (d) identity of quality of the persons for or whom the claim was made. "To now rule that the same parties may retry the same cause of action would be violative of the doctrine of res adjudicata, encourage relitigation of issues already determined, and permit the anomaly of having two contrary jury findings regarding the same basic question."

Since we have not had the benefit of defendant's brief nor argument, we will enter the following

## DECREE NISI

Now, to wit, May 22, 1974, unless defendant shall file exceptions to this order, accompanied by a brief in support of such exceptions, within 15 days from the date of filing this opinion and order, defendant's preliminary objections are dismissed.

If no exceptions are filed, the prothonotary is directed to enter judgment on the pleadings in favor of additional defendant and against defendant, and such additional defendant shall be stricken as a party defendant in the within captioned matter.