## Harleysville Mutual Insurance Company v. J. M. Forklift Service, Inc.

*Nathaniel D'Amico*, for plaintiff.
*David A. Koss*, for defendant.

WRIGHT, *J.*, October 20, 1978—This is an action in assumpsit brought by an insurance carrier, Harleysville Mutual Insurance Co., against its insured, J. M. Forklift Service, Inc. Plaintiff alleges that defendant breached certain conditions of the insurance policy by refusing to sign an affidavit to a complaint against the Rohm and Haas Co.

The evidence indicates that J. M. Forklift leased certain vehicles to Rohm and Haas. Each lease had a certain "indemnity" clause that provided "J. M. Forklift Service, Inc., shall not be held responsible

in any way for injury to property or to human life caused by the use of equipment covered in this lease during the period of the lease, unless due to the negligence of J. M. Forklift, Inc., or to latent defect in the equipment."

Further testimony revealed that the purchase order covering the forklift herein stated that the contractor (J. M. Forklift) will indemnify, save harmless and defend Rohm and Haas from any and all claims and liabilities for injuries and also for any and all claims and liabilities arising out of loss or damage to property caused by or resulting from the performance of the work covered hereby.

On February 19, 1969, Edward C. O'Connell, an employe of Rohm and Haas, Inc., was injured while operating a forklift supplied by J. M. Forklift. O'Connell sued J. M. Forklift in the United States District Court for the Eastern District of Pennsylvania alleging a defect in the forklift and seeking damages for his injuries. Plaintiff herein under its policy with J. M. Forklift assumed the defense and filed a third party complaint joining Rohm and Haas as third party defendant.

An investigation revealed that the top of the cage on the forklift was broken prior to the accident. This was brought to the attention of Rohm and Haas which reported it to J. M. Forklift. J. M. Forklift temporarily repaired it and instructed Rohm and Haas to remove it from service until the repairs could be completed a few days thereafter. Nevertheless, Rohm and Haas permitted the forklift to remain in service and the injury to O'Connell resulted.

The attorney of record for J. M. Forklift (actually Harlesyville's attorney) decided before trial to settle the action for $40,000. Releases were obtained

from plaintiff O'Connell and stipulations were filed to mark the actions settled, discontinued and ended with prejudice.

Harleysville, whose attorneys acting on behalf of J. M. Forklift negotiated the abovementioned settlement, then sought to have J. M. Forklift sue Rohm and Haas. J. M. Forklift refused and Harleysville brings this action for the $40,000 paid by it in settlement.

The first issue confronting us is whether at this point J. M. Forklift has a cause of action against Rohm and Haas. We believe not. Both parties, J. M. Forklift and Rohm and Haas, were parties to the Federal court action. There, J. M. Forklift had certainly cooperated with Harleysville by signing the third party complaint and bringing Rohm and Haas into the action as a third party defendant, and placing in issue the indemnity clause in the lease. When J. M. Forklift per Harleysville settled and discontinued the action with prejudice, this question of indemnification was resolved with finality.

The threshhold issue is whether the stipulation of dismissal, with prejudice, of the Federal court action is res judicata as to the parties in that action. F.R.C.P. 41, Dismissal of Actions, provides in pertinent part:

"(a)(1) . . . [A]n action may be dismissed by the plaintiff without order of court (i) . . . or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any

state an action based on or including the same claim."

J. M. Forklift relies primarily upon London v. Philadelphia, 412 Pa. 496, 194 A. 2d 901 (1963), and Barson's and Overbrook, Inc. v. Arce Sales Corp., 227 Pa. Superior Ct. 309, 324 A. 2d 467 (1974). Litigation in the London case, supra, involved the operator of an automobile, its two passengers and a truck driver. The two passengers sued the truck driver in Federal court. Defendant then joined the operator of the automobile. Subsequently, the truck driver settled the passengers' claim for $20,000 and sought partial recovery from the automobile operator. The contribution action proceeded and the jury awarded the truck driver a verdict of $10,000. In this contribution action the motorist did not assert any counterclaim. While the contribution action was pending, London, the automobile driver, began suit in the court of common pleas seeking damages for injuries incurred in the accident. The court permitted the case to proceed to trial and a verdict was won by the motorist. The truck driver appealed.

The appellate court held that the operator of the automobile could not successfully sue the truck driver in the court of common pleas after contribution action in Federal court. Based upon the principle of res judicata the failure of the motorist to assert his claim in Federal court precluded him from ever presenting it thereafter in any court: London v. Philadelphia, supra. In both cases the same parties and the same cause of action were involved. Relitigation of issues already determined would permit the anomaly of having two contrary

findings. As stated in Sustrik v. Jones & Laughlin Steel Corp., 413 Pa. 324, 197 A. 2d 44 (1964), the settlement and discontinuance of an action has the same effect with respect to the question of res judicata as the entry of a judgment for defendant.

In Barson's & Overbrook, Inc. v. Arce Sales Corp., supra, seven plaintiff-customers bought fish from Barson's and became ill from food poisoning. When Barson's was sued, it joined two supermarkets, Arce and Acme, which had sold them the fish. All parties agreed to settle the case at which time plaintiffs and Barson's signed and filed an order to discontinue the actions. Thereafter Barson's instituted suit against additional defendants for contribution or indemnification. The court dismissed the suit holding that where a valid contract to settle accompanies a discontinuance, the claim is forever barred and a new action cannot thereon be maintained. Barson's, therefore, could not relitigate its claim.

Plaintiff herein insists that its rights to recover against Rohm and Haas were prejudiced by J. M. Forklift Service, Inc.'s failure to (by affixing its signature to an affidavit) sue Rohm & Haas. Forklift at the time of the Federal action did sign a third party complaint against Rohm and Haas, but has refused to sue Rohm and Haas after the settlement. This refusal has been characterized as a "breach of the cooperation and subrogation clauses" of the policy. According to plaintiff this "breach" has prevented it from recovering a judgment. But, if plaintiff is precluded from having its rights decided by an adjudication of the court, it is plaintiff's own choice. Pa.R.C.P. 2002, Prosecution of Actions by Real Parties in Interest, provides that actions may be

brought in: (a) The name of the insured alone, as under prior practice; (b) The name of the insured to the use of the insurer, or to the use of both insured and insurer, as under prior practice; (c) Under the real party in interest rule.

This principle was enunciated in Helm's Express, Inc. v. Savage, 17 D. & C. 2d 109 (1956). There the court found a common carrier to be an insurer. It further held that the insurer was subrogated to the customer's right of action against the third person, and as subrogee, could bring the action in its own name. See also 6 Goodrich-Amram 71 §2002(d)1. As to verification of a complaint, it has been held that although suit may be brought in the name of the subrogor in a subrogation case, the affidavit to the complaint must be signed by the subrogee as the real party in interest. See 6 Goodrich-Amram 2d §2002(d):1; Wolf v. Allegheny County, 3 Pa. Commonwealth Court 27, 281 A. 2d 82 (1971). It is, therefore, clear that since Harleysville paid the $40,000 settlement it can pursue its subrogation claim against Rohm and Haas in its own name. J. M. Forklift and Rohm and Haas were involved in the Federal court action. The relative rights of these two parties in that matter concerned the right to indemnity. Accordingly, the stipulation to settle was conclusive with respect to that and all matters which were or could have been litigated therein. Therefore, J. M. Forklift has no cause of action against Rohm and Haas. If Harleysville wishes to adjudicate its rights against Rohm and Haas it has a remedy: Pa.R.C.P. 2002, supra.

We conclude that defendant's motion for non-suit should be granted and enter the attached order consistent therewith.

## ORDER

And now, October 20, 1978, the motion for non-suit by defendant, J. M. Forklift Service, Inc., is granted.