**Shambach v. Fike**

C.P. of Lackawanna County, no. 2002-CV-3391.

*Daniel W. Munley,* for plaintiffs.
*Benjamin Raccanova,* for defendants.

MINORA, *J.,* October 3, 2006—Currently before the court is the plaintiffs' appeal of the decision of the special trial master regarding medical discovery in the instant case.

By way of background, this action was brought by plaintiffs to recover for personal injuries plaintiff Terry Shambach allegedly sustained in an industrial accident on April 4, 2001, at a New Holland plant located in Belleville, Pennsylvania. Plaintiffs have sued defendant New Holland (the owner of the premises) as well as defendants Ryder Systems Inc. and Ryder's employee, William Fike Jr. (the parties responsible for operating the forklift involved in the accident).

On June 19, 2002, plaintiffs instituted this action against the above defendants for personal injuries that were allegedly sustained when a load being carried by a forklift operated by Ryder employee Fike fell, struck and allegedly injured the plaintiff, Terry Shambach.

Plaintiff Terry Shambach has alleged he suffered various injuries from the incident, including but not limited to reflex sympathetic dystrophy. New Holland and Ryder retained separate attorneys. On November 14, 2002, New Holland filed its answer and new matter essentially denying all liability.

Plaintiffs granted defendant Ryder's request for an independent medical exam (IME) which took place on November 22, 2002. The expert report of that exam was distributed to all parties. Since plaintiff would not submit to a subsequent IME to be conducted on behalf of defendant New Holland, New Holland filed a motion for an order requiring submission to a physical examination.

The special trial master denied New Holland's request for an IME by his decision dated November 14, 2005. The special trial master permitted Ryder to take the deposition of plaintiffs' expert witness/treating physician, Robert Knobler M.D. The court here notes that plaintiffs supplied the court with Dr. Knobler's expert report dated February 14, 2005, and a letter from plaintiffs' counsel stating his intent to call Dr. Knobler as an expert witness, attached hereto as "exhibit A."

New Holland appealed the decision of the special trial master on the IME. This court issued an order ruling on the New Holland appeal only.[1] The parties agreed to argue the special trial master's decision permitting Dr. Knobler's deposition on brief. This issue is now ripe for determination.

The special trial master concluded that Ryder was permitted to depose Dr. Knobler regarding the plaintiff's medical condition. The special trial master found that Dr. Knobler provided the plaintiff with medical treatment by prescribing medication to the plaintiff. The action of prescribing medication to the plaintiff classified Dr. Knobler as a treating physician whose deposition could

---

1. This court's order, dated June 16, 2006, denied New Holland's motion for and order requiring plaintiff's submission to an overall second independent medical exam.

be taken. The special trial master rejected the position of the plaintiffs' counsel, who argued that Dr. Knobler was acting in the capacity of an expert witness who examined and prepared a report on the plaintiff's condition in anticipation of litigation. We now address the appeal of the decision of the special trial master to determine whether defendants may depose plaintiff's treating physician/expert witness.

## LEGAL ARGUMENTS

Plaintiffs' counsel argues that the defendants incorrectly interpret Pennsylvania Rule of Civil Procedure 4003.5 as preventing a plaintiff from ever using his treating physician as an expert witness. Plaintiffs' brief, p. 3. Plaintiffs' counsel confirms that Dr. Knobler was indeed the plaintiff's treating physician. *Id.* Counsel argues that the report at issue was prepared at the explicit request of plaintiffs' counsel, and was addressed to counsel and paid for by counsel.

Defendants argue that their motion to compel the deposition of Dr. Knobler should be granted because Dr. Knobler's medical evaluations of the plaintiff classify him as a treating physician rather than an expert witness. Defendants argue that ample evidence substantiates this argument. Dr. Knobler saw plaintiff at least seven times in a 30-month period, during which time "he performed tests, ordered labs, wrote prescriptions, diagnosed and treated the plaintiff." Ryder defendants' brief, p. 3.

Defendants argue that Dr. Knobler received compensation for his services from the plaintiff's workers' compensation coverage and not plaintiffs' counsel. *Id.* Defendants argue that Dr. Knobler is a treating physician

and not an expert witness hired in anticipation of litigation and, as such, this court should grant defendants' motion to compel Dr. Knobler's deposition. Actually, we believe Dr. Knobler can be, and is, both an expert witness as well as a treating physician.

## LEGAL STANDARD

### *Applicable Rules of Civil Procedure*

Rules 4001 and 4003 of the Pennsylvania Rules of Civil Procedure address discovery generally. Subsection (c) of Rule 4001, Scope, definitions, provides:

"(c) Subject to the provisions of this chapter, any party may take the testimony of any person, including a party, by deposition upon oral examination or written interrogatories for the purpose of discovery, or for preparation of pleadings, or for preparation or trial of a case, or for use at a hearing upon petition, motion or rule, or for any combination of the foregoing purposes."

Subsection (a) of Rule 4003.1, Scope of discovery generally, opinions and contentions, provides:

"(a) Subject to the provisions of Rules 4003.2 to 4003.5, inclusive and Rule 4011, a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party . . . ."

Expert witnesses are governed by Rule 4003.5, Discovery of expert testimony. Trial preparation material:

"(a) Discovery of facts known and opinions held by an expert, otherwise discoverable under the provisions

of Rule 4003.1 and acquired or developed in anticipation of litigation or for trial, may be obtained as follows:

"(1) A party may through interrogatories require

"(a) any other party to identify each person whom the other party expects to call as an expert witness at trial and to state the subject matter on which the expert is expected to testify and

"(b) the other party to have each expert so identified state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. The party answering the interrogatories may file as his or her answer a report of the expert or have the interrogatories answered by the expert. The answer or separate report shall be signed by the expert.

"(2) Upon cause shown, the court may order further discovery by other means, subject to such restrictions as to scope and such provisions concerning fees and expenses as the court may deem appropriate.

"(3) A party may not discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, except a medical expert as provided in Rule 4010(b) or except on order of court as to any other expert upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means, subject to such restrictions as to scope and such provisions concerning fees and expenses as the court may deem appropriate."

Rule 4003.6, Discovery of treating physician, provides:

"Information may be obtained from the treating physician of a party only upon written consent of that party or through a method of discovery authorized by this chapter. The rule shall not prevent an attorney from obtaining information from:

"(1) the attorney's client

"(2) an employee of the attorney's client, or

"(3) an ostensible employee of the attorney's client."

### Applicable Case Law

Preliminarily, we note case law which underscores the applicability of Rule 4003.5. Explaining the applicability of Rule 4003.5 in reference to expert witnesses, the court, in *Istnick v. Wyeth,* no. 00268, 2004 WL 2216185, at *2 (Phila. Cty. Sept. 10, 2004) stated:

"Rule 4003.5 does not apply to discovery of facts known or opinions held by a witness, whether or not an expert, if those facts or opinions were acquired or developed independently of the litigation and not for trial. Experts who know of facts or hold opinions not acquired or developed in anticipation of litigation or for trial are subject to discovery like any other witnesses under the general discovery rules." Citing *Scott v. DeFeo,* 46 D.&C.4th 353, 355 (Lehigh Cty. 2000).

In *Miller v. The Brass Rail Tavern Inc.,* 541 Pa. 474, 664 A.2d 525 (1995), our Supreme Court was asked to determine whether a county coroner was permitted to testify as a witness as to an individual's time of death when not named as an expert to testify on the matter. Plaintiff/appellant, who represented the interest of the

decedent in the case, called the county coroner to testify as to the time of death of decedent. *Id.* at 478, 664 A.2d at 527. Plaintiff called the county coroner as non-expert witness in the trial. *Id.* Appellee/defense counsel objected, arguing that the coroner's testimony should be precluded because testimony as to time of death is classified as expert testimony. *Id.* Appellee/defendant argued that plaintiff/appellant did not identify the coroner as an expert in pretrial interrogatories, and therefore the coroner's testimony was precluded. *Id.*

Plaintiff/appellant argued "Rule 4003.5 does not apply to coroner Wetzler because he was not hired in anticipation of litigation." *Id.* at 485, 664 A.2d at 530, citing *Neal by Neal v. Lu,* 365 Pa. Super. 464, 530 A.2d 103 (1987). Further, plaintiff/appellant argued that the coroner was not called to testify in anticipation of litigation, rather, plaintiff called him to testify within his official capacity as coroner.

The Supreme Court agreed with plaintiff/appellant. The court ruled that county coroner was permitted to testify because his opinion as to time of death was not reached in anticipation of litigation, and he was not called upon by the plaintiffs to "determine the facts surrounding [decedent's] death." *Id.* at 487, 664 A.2d at 531. The court concluded, "[t]here is no doubt that the opinions of coroner Wetzler, especially relating to the cause of death and the time of death, constitute expert opinion. However, because coroner Wetzler's opinions were not acquired or developed with an eye toward litigation, Rule 4003.5 is inapplicable." *Id.*

While *Miller* dealt with the treatment of a coroner as an expert witness, other courts have been presented with

the issue concerning a treating physician who is also called as an expert witness. "[A] treating physician, including psychologists and psychiatrists, are [sic] regarded as ordinary witnesses for discovery purposes." *Hepler v. Alvis,* 63 D.&C.4th 129, 136 (York Cty. 2003), citing *McQuaid v. Platt Music Corporation,* 1987 WL 15434 (E.D. Pa.); see also, *Scott v. DeFeo,* 46 D.&C.4th 353 (Lehigh Cty. 2000). "If and until the plaintiff lists [doctors who had treated plaintiff] as expert witnesses they are subject to the general rules of discovery." *Hepler,* at 137.

In *Smith v. SEPTA,* 719 CD 2006, 2006 WL 1791376, at *3 (Phila. Cty. June 1, 2006), the court of common pleas stated, "the mere fact that a physician administers treatment to a litigation party does not compel the conclusion that thereafter the physician may not be considered an expert within the meaning of Pa.R.C.P. 4003.5," citing *Kurian v. Anisman,* 851 A.2d 152, 156 (Pa. Super. 2004).

The court in *Smith v. SEPTA* continued, "[t]reating physicians, whose testimony would not otherwise be covered by Pa.R.C.P. 4003.5, may still be considered experts and be subject to the discovery requirements regarding expert testimony if the opinion to be expressed during testimony was developed in anticipation of litigation and was not within the normal course of treatment." *Id.* at *4.

While there is ample case law supporting the proposition that a treating physician may also be called as an expert witness, we note that there is case law to the contrary. In *Barto v. Hellam Township,* 32 D.&C.4th 90, 95 (1996), "We do not believe that Rule 4003.5 applies to

discovery of facts known and opinions held by experts who are also treating physicians, because a treating physician's factual knowledge and opinions are, by definition, not acquired or developed in anticipation of litigation or for trial."

Having examined the relevant Rules of Civil Procedure, applicable case law and considering the arguments of the parties as well as the production of the expert report written by Dr. Knobler for the plaintiff, we conclude that Dr. Knobler may act as both a treating physician and expert witness for purposes of this case. However, because he has acted in the past as a treating physician, only this information not prepared in anticipation of litigation is discoverable by defendants. Therefore, defendants are free to depose Dr. Knobler but only as to Dr. Knobler's capacity as a treating physician. Conversely, defendants are not authorized to depose Dr. Knobler regarding any professional opinions which have been developed in anticipation of litigation. While there may not be any bright line test to distinguish between these two areas, the date of the formulation of his report can certainly be a helpful guide.

Accordingly, we determine that February 14, 2005, the date provided on Dr. Knobler's expert report, most certainly commences his capacity as an expert witness. Information in Dr. Knobler's chart obtained while he functioned as the treating physician only is discoverable by the defendants. Other information that was prepared by Dr. Knobler employed as an expert witness for the plaintiff formulating his expert opinion for use in anticipation of litigation in the instant case is not subject to discovery, but for what is allowed under Pa.R.C.P. 4003.5(a), the subject report which has already been

exchanged. Therefore, both parties shall be guided accordingly, and an appropriate order follows.

## ORDER

And now, on October 3, 2006, defendants' motion to compel the deposition of Dr. Knobler is granted in part, but the deposition is limited to information obtained in the course of his capacity as a treating physician only, and no discovery is allowed regarding opinions formulated in anticipation of litigation.